# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **GROVER L. DILLON, SR.,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v.  ) | **CIVIL ACTION NO. 1:10-0266** |
| ) | **(Consolidated 1:11-0428)** |
| **UNITED STATES OF AMERICA,** ) | **(Criminal No. 1:98-0140)** |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FMC Devens, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on March 8, 2010 and June 20, 2011.[1] (Document Nos. 219, 233, and 234.) By Standing Order, Movant's Motions were referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document Nos. 221 and 236.)

## FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 1999, Movant pled guilty to five counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 1, 3, 16, 18, 19.). (Criminal Action No. 1:98-0140, Document Nos. 51 and 52.) Movant was sentenced on July 30, 1999. (Id., Document No. 102.) The District Court ordered that Movant serve a 300-month term of incarceration[2] to be followed by a three-year term of supervised

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The District Court imposed a 60-month term of incarceration as to each of the five counts to be served consecutively. (Document No. 102.)

release. (Id.) The District Court also imposed a $100 special assessment and $754,596.00 in restitution. (Id.)

On August 10, 1999, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 103.) In his appeal, Movant argued that (1) the District Court erred in departing upward from the applicable guideline range pursuant to U.S.S.G. § 5K2.1 based on its finding that Movant murdered his stepson; (2) the District Court erred in imposing a two-level enhancement for a crime involving a vulnerable victim pursuant to U.S.S.G. § 3A1.1; and (3) the District Court erred in imposing a two-level enhancement based on its finding that Movant's fraudulent conduct involved the reckless risk of serious bodily injury pursuant to U.S.S.G. § 2F1.1(b)(6). The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on September 13, 2000. United States v. Dillon, 230 F.3d 1354 (4th Cir. 2000)(unpublished). Movant filed a petition for certiorari in the United States Supreme Court, which was denied on April 16, 2001. Dillon v. United States, 532 U.S. 975, 121 S.Ct. 1610, 149 L.Ed.2d 475 (2001).

On November 1, 1999, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:99-0977, Document No. 1.) By Proposed Findings and Recommendation entered on November 23, 1999, United States Magistrate Judge Mary S. Feinberg recommended that Movant's Section 2255 Motion be denied without prejudice.[3] (Id., Document No. 4.) By Memorandum Opinion and Order entered on March 7, 2000, United States District Judge David A. Faber adopted Judge Feinberg's recommendation and dismissed Movant's Section 2255 Motion without prejudice. (Id., Document No. 5.)

---

[3] Judge Feinberg recommended that "the District Court find that Defendant has not shown exceptional circumstances justifying the District Court hearing Defendant's § 2255 motion while his direct appeal is pending." (Civil Action 1:99-0977, Document No. 4, p. 4.)

On March 8, 2010, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 1:10-0266, Document No. 219.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Petitioner's guilty plea was rendered involuntary because he was incompetent to stand trial" (Id., Document No. 220, p. 2.); (2) "The District Court violated Rule 32 by failing to determine whether Petitioner had read the PSR and discussed it with his attorney prior to sentencing" (Id., p. 3.); (3) "Insufficient evidence to support 2F1.1(b)(6) enhancement for Carter's death" (Id., pp. 3 - 6.); and (4) "Insufficient evidence to support 2F1.1(b)(6) enhancement for reckless endangerment of the lives of Karen Johnson and Maxine Meadows" (Id., pp. 6 - 10.). Accordingly, Movant contends "the Court should reverse the judgment and remand the case back for re-sentencing." (Id., p. 10.)

On June 20, 2011, Movant filed his third Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which initiated Civil Action No. 1:11-0428. (Civil No. 1:11-0428, Document Nos. 233 and 234.) As grounds for *habeas* relief, Movant alleges as follows:

> 1. Notwithstanding the Movant's guilty plea, the Movant is prepared to prove that his trial counsel was ineffective in the investigative, trial, and sentencing phase of the Movant's case.
>
> 2. Bias and perjured testimony by prosecution witnesses that had a self interest in making false statements before the Grand Jury and the Court.
>
> 3. Bias treatment by the trial judge which had personal reasons and relationships which would have precluded him from being an objective trier of the facts in this case. Due to the trial judge's personal bias towards the Movant in this case, the trial judge should have recused himself.
>
> 4. The guilty plea was not knowing and voluntary which is in direct violation of Rule 11 of the Criminal Rules of Procedure. The Movant was on anti-depressant drugs at the time in which he pled guilty in this instant case. Such impairment of the Movant's mental faculties rendered the Movant incapable of understanding the

appreciating his Constitutional Rights and the consequences of his plea. United States v. Truglio, (4th Cir. 1974); Dusky v. United States, 362 U.S. 402, 88 S.Ct. 788, 41 L.Ed.2d 820 (1960). At the plea hearing the Movant was not aware of the consequences of his actions, thus his plea should have been withdrawn. Support for withdrawal will be found in United States v. Damon, 191 F.3d 562, 565 (4th Cir. 1999).

5. The Movant was convicted and sentenced based upon allegations of other crimes in which he was never indicted for. This was a violation of the Movant's fifth amendment rights as the Defendant was never indicted for such infamous crimes. And to the extent the allegations were being introduced as 404(B) evidence, the information has no probative value but only prejudicial value as the Movant was never indicted or convicted for any of the alleged conduct.

6. The Movant was improperly sentenced. The Movant was convicted on 5 counts of mail fraud and sentenced to 5 consecutive terms of 5 years imprisonment resulting in an aggregate sentence of 25 years. However, the mail fraud counts are groupable offenses under Section 3B1.2 of the United States Sentencing Guidelines thus the Movant should have been only sentenced on one count of mail fraud which yields a maximum statutory sentence of 5 years.

(Id., pp. 1 - 2.) Movant, therefore, requests the Court to "enter an Order altering, amending, or setting aside its previous judgment and granting Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to U.S.C. § 2255." (Id., p. 20.)

On July 11, 2011, Movant filed a "Motion to Have Previously Filed 28 U.S.C. § 2255 Motions in this Instant Case Stricken and Replaced by the Attached Motion Dated June 13, 2011." (Id., Document No. 240.) Specifically, Movant requests "to have previously filed 28 U.S.C. § 2255 Motion in this instant case stricken and replaced by the attached motion dated June 13, 2011, referred to in your docket entry # 233." (Id., Document No. 240-1, p. 1.) In support, Movant explains as follows: (1) "I have no formal legal training so I sought the assistance of various inmates that professed to be proficient enough in the law to assist me with my legal issues;" and (2) "Unfortunately, due to the complexity of the issues in my particular care, the assistance I received was not appropriate and thus of no assistance to me." (Id.) By separate Order entered this day, the

undersigned has granted Movant's "Motion to Have Previously Filed 28 U.S.C. § 2255 Motions in this Instant Case Stricken and Replaced by the Attached Motion Dated June 13, 2011" and consolidated Civil Action Nos. 1:10-0266 and 1:11-0428.

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

The Fourth Circuit affirmed Movant's conviction and sentence on September 13, 2000, and his sentence became final on April 16, 2001, when the United States Supreme Court denied his petition for certiorari. On March 8, 2010, approximately 7 years and 11 months after the one year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal No. 1:98-0140. Movant's Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation

period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of

the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Movant is, therefore, hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motions Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 219, 233 and 234) and **REMOVE** this matter as consolidated from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: November 10, 2011.

R. Clarke VanDervort
United States Magistrate Judge