```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

GROVER L. DILLON, SR.,
    Movant,

v.                                               Civil Action No. 1:10—266
                                                 (Consolidated 1:11-0428)
                                                 Criminal No. 1:98-0140

UNITED STATES OF AMERICA,
    Respondent.

MEMORANDUM OPINION AND ORDER

      Before the court is the Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. Nos. 219, 233, and 234). For the reasons enumerated below, Mr. Dillon's motion is **DENIED**.

### I.   Factual and Procedural History

      On March 19, 1999, the Movant pled guilty to five counts of mail fraud in violation of 18 U.S.C. § 1341. (Doc. Nos. 51 and 52 in Criminal Action No. 1:98-0140). Mr. Dillon was sentenced to a 60-month term of incarceration for each of the five counts, to be served consecutively, totaling 300 months. (Doc. No. 102 in Criminal Action No. 1:98-0140). He was also ordered to pay $754,596.00 in restitution. (Id.).

      On August 10, 1999, Movant, by counsel, filed a notice of appeal, challenging his conviction and sentence. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on

September 13, 2000.  <u>United States v. Dillon</u>, 320 F.3d 1354 (4th Cir. 2000)(unpublished).

On November 1, 1999, Movant filed his first Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1 in Civil Action No. 1:99-0977).  The Motion was referred to Magistrate Judge Mary S. Feinberg, who recommended that the Motion be denied without prejudice on November 23, 1999.  (Doc No. 4 in Civil Action No. 1:99-0977).  By Memorandum Opinion and Order entered on March 7, 2000, the court adopted Magistrate Judge Feinberg's recommendation and dismissed the Section 2255 Motion without prejudice.  (Doc. No. 5 in Civil Action No. 1:99-0977).

On March 8, 2010, the Movant filed his instant Motion under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Doc. No. 219 in Civil Action No. 1:10-0266).  On June 20, 2011, the Movant filed his third Section 2255 Motion.  (Doc. Nos. 233 and 234 in Civil Action No. 1:11-0428).  On July 11, 2011, Movant filed a "Motion to Have Previously Filed 28 U.S.C. 2255 Motions in this Instant Case Stricken and Replaced by the Attached Motion Dated June 13, 2011."  (Doc. No 240 in Civil Action No. 1:11-0428).  Magistrate Judge VanDervort granted the motion and consolidated Civil Action Nos. 1:10-0266 and 1:11-0428.  (Doc. No. 252 in Criminal Action No. 1:98-00140).

2

By Standing Order, these actions were referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation ("PF&R") on November 10, 2011, in which he recommended that the court DENY Mr. Dillon's Section 2255 Motion.  He further recommended that the matter as consolidated be REMOVED from the court's docket unless the Movant demonstrated that his motion was timely filed or warranted equitable tolling.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

The Movant filed his "objections" to the Proposed Findings and Recommendation on January 6, 2012.  (Doc. No. 261 in Civil Action No. 1:10-266).[1]  In his December 28, 2011 letter of

---

[1] The objections are titled "Supplemental Motion Regarding Why Equitable Tolling of the Statute of Limitations is Appropriate for Movant's Title 28 U.S.C. Section 2255 Motion to Vacate, Set

3

explanation to the court, the Movant mentions that he had filed objections on November 23, 2011, although they were not received by the Clerk's office until January 6, 2012.  (Doc. No. 260).[2]  Despite this delay, the court will consider the Movant's objections as timely for the purposes of this Motion.

Objection 1

The Movant asserts that equitable tolling should apply "because failure to review the Movant's Section 2255 Motion will mean the Movant would continue serving and[sic] illegal sentence."  (Doc. No. 261 at page 5).  He asserts that equitable tolling should apply in this case because it is "unconscionable" to enforce the Movant's sentence and because it would "perpetuate the miscarriage of justice the Movant has already been subjected to."  (Id. at page 2).

Equitable tolling is a remedy that will apply only where (1) a prisoner can demonstrate that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way to prevent timely filing.  Holland v. Florida, 130 S. Ct. 2549, 2563 (2010).

---

Aside, or Correct Sentence." It is largely a reassertion of his previous Section 2255 Motions.
[2] These objections were not received by the Clerk's office, but Mr. Dillon asserts that he originally mailed his objections on November 23, 2011.  The objections were received by the Clerk's office on January 6, 2012.  (Doc. No. 261).

The AEDPA's one-year statute of limitations began to run on April 16, 2001, when the United States Supreme Court denied Mr. Dillon's petition for certiorari. On March 8, 2010, almost eight years after the statute of limitations had expired, the Movant filed the instant motion raising issues challenging his conviction. The Movant has failed to meet the Holland standard in showing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way to prevent a timely filing. In short, there is nothing in his motion that offers any explanation or circumstance that caused the Movant to wait seven years and eleven months past the statute of limitations and would warrant the "sparingly" used doctrine of equitable tolling. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Objection 2

The court has consolidated the Movant's other claims that do not relate to equitable tolling into a general objection for clarity of discussion. In sum, the Movant objects to his sentence as above the maximum statutory sentence, he asserts that he received ineffective assistance of counsel at trial, and he makes general claims that "criminal statute[s] must be narrowly and strictly construed." (Doc. No. 261). Such general and conclusory allegations need not, and cannot, be credited. "[T]his Court need not conduct a de novo review when a party

5

'makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.'" Ashworth v. Berkebile, No. 5:09-cv-01106, 2010 U.S. Dist. LEXIS 138413, at *6-7 (S.D.W. Va. Dec. 27, 2010) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).  The Movant's general and conclusory assertions do not direct the court to an error, nor do they raise any legal reason why the statute of limitations should be equitably tolled in this case.

    Having reviewed the Movant's objections, the court **CONFIRMS** and **ADOPTS** the Magistrate Judge's PF&R, and **DENIES** the Movant's Section 2255 Motion.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and Mr. Dillon, pro se. The Clerk is further directed to remove this case from the court's active docket.

    **IT IS SO ORDERED** on this 14th day of February, 2012.

                                               ENTER:

                                               David A. Faber
                                             Senior United States District Judge