```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

GROVER L. DILLON, SR.,
    Movant,

v.                                         Civil Action No. 1:10—266
                                              (Consolidated 1:11-0428)
                                              Criminal No. 1:98-0140

UNITED STATES OF AMERICA,
    Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending before the court is the Movant's Motion to Reconsider the Denial of Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255.  (Doc. No. 272).

      In an Order filed February 14, 2012, the court entered an order overruling the Petitioner's objections to Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation ("PF&R") recommending the denial of Petitioner's 28 U.S.C. § 2255 filing.  Petitioner has timely moved for the court to reconsider its Order pursuant to Fed. R. Civ. P. 59(e).

      Rule 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Although Rule 59(e) does not provide a standard for reconsideration motions, the Fourth Circuit has recognized three grounds for amending a previous judgment:  "(1) to accommodate

an intervening change in controlling law: (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).  Motions made pursuant to Rule 59(e) "may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Furthermore, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id.

Petitioner has cited no intervening changes in controlling law, has not brought forward any relevant new evidence, and there is no clear error of law or manifest injustice.  Rather, the Petitioner restates his argument that equitable tolling should apply to his case, an argument the court rejected in the February 14 Order.  The Petitioner points to an affidavit that he prepared, stating that he has attempted to file several 2255 motions that would have been timely, but failed.  The circumstances the Petitioner points to do not rise to the level

that would be required for this court to reconsider his untimely motion.[1]

For the aforementioned reasons, the Petitioner's Motion for Reconsideration is **DENIED**.  The Clerk is directed to send copies of this Memorandum Opinion and Order to Petitioner, pro se, and counsel of record.

**IT IS SO ORDERED** on this 18th day of April, 2012.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Petitioner points to the fact that his transcripts were lost, that an individual lied to him about filing his motion, that he enlisted the help of other inmates only to be disappointed, and that he was been on anti-depressant drugs.  (Doc. No. 272 at pp. 6-8).